UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| TERRY J. COLLEY | CIVIL ACTION 1:16-CV-01631 |
| VERSUS | JUDGE DRELL |
| DR. DANDAN, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a "Motion for Court to Dismiss Joint Stipulation of Dismissal" (Doc. 26) and a "Motion to Vacate Judgment of Dismissal" (Doc. 27) filed by Plaintiff. Plaintiff alleges his case was only partially settled and, therefore, should not have been dismissed in its entirety. Those motions should be denied.

I. Background

Plaintiff Terry J. Colley, an inmate confined by the Bureau of Prisons, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] and the Federal Tort Claims Act ("FTCA"),[2] 28 U.S.C. §§ 2671-2680. The named Defendants are Dr. Dandan, Zita Guerrero, Willie Vasquez, L. Parker, M. Lofstrom, Charles T. Texada, Heather Falgout, and the United States of America. Colley alleges that, while he was confined in the United

---

[1] Bivens-type actions may be brought only against federal agents and not federal agencies. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. See Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

[2] **Error! Main Document Only.** To sue successfully under the Federal Tort Claims Act, a plaintiff must name the United States as the sole defendant. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998) (citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991)).

States Penitentiary in Pollock, Louisiana ("USP-Pollock"), medical care for his torn Achilles was delayed seven months, and he was denied appropriate post-operative case at the prison.

Colley was notified by a letter dated May 3, 2017, from BOP Regional Counsel Jason A. Sickler, that his FTCA claim was "considered for administrative settlement under the Federal Tort Claims Act, Title 28 U.S.C. § 2672, et seq." (Doc. 27-1).

Colley and Sickler reached a settlement and executed a settlement agreement entitled "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2672" (Doc. 27-1). Section 4 of the Settlement Agreement states: "This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act" (Doc. 27-1). The Agreement states in Section 2 that the sum paid would be in full settlement of all claims against "the United States of America, its agents, servants, and employees" (Doc. 27-1, § 2). In Section 4, the agreement states: "This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act." (Doc. 27-2, § 4). The agreement was signed by Plaintiff and "Jason Stickler, Attorney for United States of America" (Doc. 27-1).

A "Joint Stipulation of Dismissal" (Doc. 24), signed by Plaintiff Colley and Assistant United States Attorney Frederick, asked the Court to dismiss the case on behalf of Colley, the United States of America, Dandan, Guerrero, Vasquez, Parker, Lofstrom, Texada, and Falgout, because the case had been settled. A Judgment of Dismissal was signed by the District Judge (Doc. 25).

2

Colley filed a Motion for Court to Dismiss Joint Stipulation of Dismissal (Doc. 26) and a Motion to Vacate Judgment of Dismissal (Doc. 27). Defendants oppose those motions (Doc. 30).

## II.    Law and Analysis

Colley asks the Court to reinstate his case, arguing the Court lacked subject matter jurisdiction over the case because he had not exhausted his administrative remedies for his federal tort claim, and because the federal agency improperly exercised "jurisdiction" over the case (Docs. 26, 27). Colley contends the government attorney committed a fraud upon the Court because Colley was offered a settlement, unbeknownst to the Court, after he had submitted his case to the jurisdiction of the Court. Colley also alleges the attorneys did not have the authority to settle claims on behalf of the United States. Colley points out that he did not discuss a settlement with AUSA Frederick, who represented the Bivens claim Defendants.

Colley appears to bring his motion pursuant to Fed. R. Civ. P. rule 60(b):

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Defendants contend the case should remain closed because Colley accepted payment of the agreed amount in settlement of his claims (Doc. 30).

The Court did not require subject matter jurisdiction to dismiss the case, nor did the federal agency "exercise jurisdiction" over the case. Colley and the Defendants voluntarily settled the case outside of the jurisdiction of the Court, and notified the Court after they had done so.

Colley's contention that he did not reach a settlement agreement with AUSA Frederick is correct. The settlement agreement states (repeatedly) it is in settlement of the FTCA claims. It does not mention the Bivens claims or the Bivens defendants. The attorney representing the Bivens action defendants, AUSA Frederick, did not sign the settlement agreement. There was no express release of the Bivens defendants and claims in the settlement agreement.

However, the Joint Motion to Dismiss the case because it had settled (Doc. 25) specifically named *every defendant* in Colley's action–the defendants in both the FTCA and Bivens claims–and was signed by Colley and AUSA Frederick.[3] Therefore, it appears to have been the intent of the parties, including Colley, that Colley would dismiss all of his claims–including the Bivens and FTCA claims–in exchange for a settlement of his FTCA claims with the United States.

Colley's apparent realization, over nine months later, that the Settlement Agreement was a poorly-worded form does not change the fact that Colley intended

---

[3] Attorney Sickler did not sign the Joint Motion of Dismissal because, although he acted on behalf of the United States Bureau of Prisons in negotiating the settlement, he was not enrolled as an attorney of record.

Also, Colley's allegation of fraud on the part of AUSA Frederick is unavailing. Colley and AUSA Frederick both signed the Joint Motion to Dismiss (Doc. 25).

to settle all claims and knowingly signed the Joint Motion to Dismiss *all defendants* named in his action.

Therefore, Colley's Motion to Dismiss Joint Stipulation of Dismissal (Doc. 26) and Motion to Vacate Judgment of Dismissal (Doc. 27) should be denied.

### III.    Conclusion

Based on the foregoing, IT IS RECOMMENDED that Colley's Motion to Dismiss Joint Stipulation of Dismissal (Doc. 26) and Motion to Vacate Judgment of Dismissal (Doc. 27) be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __28th__ day of February, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge